**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HARRY THOMAS ECKERT III,

    Plaintiff - Appellant,

v.

CAMP, COLLINS, SHEARER, JARVIS, ACKERMAN, HIBBARD, RIFFLE, WILBOURN, SUMRO-DAVIS, E'MELO, CRUMP, JACOBSON, RAMSEY, STOLL, K. HERSEY, B. MILLER, GARCIA, MONTGOMERY, KELLER, ROMERO, FARLAND, MCKENZIE, SCHADLER, SPRINKLE, SERAFINI, DEMPSTER, KITTAY, all in their individual and official capacities,

    Defendants - Appellees.

No. 98-1105

(D. Colorado)

(D.C. No. 96-B-2021)

**ORDER AND JUDGMENT**  *

Before **ANDERSON** , **McKAY** , and **LUCERO** , Circuit Judges.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Harry T. Eckert III, a Colorado state prisoner, initiated this pro se civil rights action by filing a complaint and a motion in the district court seeking leave to proceed under 28 U.S.C. § 1915.  He now appeals the district court's dismissal and judgment in favor of the defendants.  He contends that the court improperly resolved factual disputes and incorrectly applied the law; and he also alleges various procedural irregularities and errors.  We affirm.

**BACKGROUND**

Upon receiving Eckert's complaint and motion to proceed in forma pauperis, the district court issued an order which 1) notified Eckert of certain deficiencies in his complaint and in his § 1915 motion which needed to be cured in order for him to proceed, and 2) directed the clerk to commence the action, notwithstanding the deficiencies.  Supp. R. Vol. 1, Tab 2.  In response to the court's order, Eckert paid the filing fee in full and, as ordered, submitted his complaint on the proper court form (the "form complaint").  R. Vol. I, Tab 5.

Eckert's form complaint stated ten claims against twenty-seven defendants, some of whom held positions as officials either of Adams County, Colorado, or of the Adams County Detention facility ("ACD"), and some of whom acted as his defense attorneys in a Colorado state criminal matter. R. Vol. I, Tab 5. Claims I through III arise from events that occurred in August 1994 after Eckert was brought to the ACD for a post-conviction court hearing. Claims IV through X involve events which occurred from January through March 1992, while Eckert was held in the ACD as a pretrial detainee. [1]

In the first three claims, Eckert complained that certain jail personnel violated his Eighth Amendment rights by allowing another inmate to assault him (Claim I); that the doctor in charge of the ACD violated his Eighth Amendment rights by failing to repair his glasses which were broken during the assault (Claim II), and that the jail personnel and responsible county officials denied him access to the courts and effective assistance of counsel by denying him legal telephone calls and visits (Claim III).

Claim IV alleged Eighth Amendment violations related to an inmate assault. Claims V and VI alleged the denial of due process related to disciplinary

---

[1]Although Eckert claims Eighth Amendment violations, the district court correctly observed that we analyze a pretrial detainee's claims involving conditions of confinement under the Due Process Clause, not under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 & n.16 (1979).

and classification hearings concerning the assault. Claim VII alleged that a jail official committed an assault and battery against Eckert and that other responsible persons failed to prevent it. Claim VIII alleged that jail personnel, his defense attorneys, and other county personnel violated his Eighth Amendment rights by failing to take action against a jailor who improperly monitored his legal visits. Claim IX alleged that Eckert's constitutional rights were violated when certain jail personnel denied him an unmonitored visit with his attorney. Finally, Claim X alleged that his jailers violated his constitutional rights by sending reports about his visits with his attorney to the Adams County District Attorney.

Finding that Claims III, VI, VII, VIII, IX and X were legally frivolous, failed to state a claim, and sought monetary relief against defendants immune from such relief, the district court dismissed those claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),(ii),(iii). R. Vol. I, Tab 6 at 6-8, 10. To the extent that Eckert sought an order expunging all ACD "disciplinary and classification actions," the district court construed the pleading as an application for a writ of habeas corpus, id. at 2, which it dismissed for failure to allege exhaustion. [2] Id. at 8. Finally, the district court ordered Eckert to file an amended complaint which fully set forth his undismissed claims against the remaining defendants. Id. at 11.

---

[2]Eckert does not appeal this portion of the court's ruling.

Eckert filed the amended complaint as ordered. [3] After filing a Martinez report, see Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978), the remaining defendants moved for dismissal or summary judgment. Rather than respond to the defendant's motion, Eckert moved to reinstate the dismissed claims and defendants. The magistrate judge recommended summary judgment in favor of the defendants on three claims and a 28 U.S.C. § 1915A dismissal of the remaining claim, and Eckert objected. After conducting a de novo review, the district court adopted the magistrate judge's recommendation and, consequently, dismissed the case in its entirety. This appeal followed.

## DISCUSSION

On appeal, Eckert first complains that the district court improperly applied the dismissal standards of 28 U.S.C. § 1915. He argues that once he paid his fee in full, § 1915 no longer applied to his case. We review the district court's interpretation of § 1915 de novo. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997); Utah v. Babbitt, 53 F.3d 1145, 1148 (10th Cir. 1995).

It is undisputed that Eckert initiated this action by filing a motion which invoked the provisions of § 1915. On August 29, 1996, the district court issued

---

[3]Eckert also appealed the partial dismissal, but we dismissed that appeal for lack of jurisdiction.

an order which directed Eckert to cure specified deficiencies in his § 1915 motion to proceed in forma pauperis and in the form of his complaint. The order further provided that, "[n]otwithstanding the deficiencies" in Eckert's filings, the clerk "will be directed to commence [the] civil action." Supp. R. Vol. I, Tab 2 at 1. Under the terms of the court's order which directed the filing of Eckert's complaint even though no fees had been paid, the provisions of § 1915 necessarily governed this matter. While Eckert did not specifically respond to the particulars of the court's order, he did file a new complaint on the form provided by the court, and, instead of providing the additional § 1915 papers as ordered, he paid the full filing fee. At that time, even though the fee had been fully paid, pursuant to the terms of the statute, the standards of § 1915 continued to apply. <u>See</u> 28 U.S.C. § 1915(b)(1) & (e)(2). [4] Accordingly, we find no error in the district court's considering Eckert's complaint according to the provisions of § 1915. [5]

---

[4]In relevant part, 18 U.S.C. § 1915(b)(1) provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law [a portion of the prisoner's trust fund account]." Section 1915(e)(2) further provides for the dismissal of the case upon certain conditions, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid."

Thus, a prisoner who has funds must pay the filing fee, although he may do so in installments. However, notwithstanding such payment, a court must still utilize the § 1915 dismissal criteria.

[5]See also 28 U.S.C. § 1915A, which was added by the Prison Litigation
(continued...)

- 6 -

Eckert also contends that the district court erred in its application of the law, both in its § 1915 dismissal of the third and sixth through tenth claims of his form complaint and in its adverse judgment and dismissal of the remaining claims set forth in his amended complaint. In this case, the district court based its first order of dismissal upon all three subsections of 28 U.S.C. § 1915(e)(2)(B). [6] Its second order of dismissal included a grant of summary judgment as to three claims, and a § 1915A dismissal for failure to state a claim as to one claim.

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). We review a district court's grant of summary judgment de novo. See Kaul, 83 F.3d at 1212. A dismissal for failure to state a claim is appropriate if, taking the well-pleaded allegations as true and construing them in the light most favorable to

[5](...continued)
Reform Act of 1995, Pub. L. No. 104-134 § 805(a), 110 Stat. 1321, 1321-75. This new section directs the court to screen all civil complaints filed by prisoners which seek redress from a governmental entity or officer or employee, and it directs the court to dismiss any claims that are frivolous, are malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. Id. Thus, even if Eckert had not affirmatively invoked § 1915 with his motion, the court would have been required to screen his complaint using standards identical to those set out in § 1915(e)(2)(B).

[6]As discussed infra, all but one of the claims dismissed in the first order is time-barred in any event. With regard to the single claim (Claim III) which is not time-barred, the text of the court's discussion focused only upon Eckert's failure to make sufficient allegations. See R. Vol. I, Tab 6 at 6.

the plaintiff, no relief can be granted based on a dispositive issue of law.      See

Fed. R. Civ. P. 12(b)(6);    Dill v. City of Edmond   , 155 F.3d 1193, 1201 (10th Cir.

1998).  Although recent unpublished Orders and Judgments in this circuit suggest

that a de novo standard might apply to our review of a § 1915(e)(2)(B) dismissal

for failure to state a claim, we have not yet published an opinion which definitely

settles the applicable standard.  However, we need not decide this issue here,

because our conclusions in this case would be the same under any standard.

As to each of the claims which involve events which occurred while Eckert

was a pretrial detainee in 1992, we affirm the district court's dismissal based on a

statute of limitations bar.   [7]  See Workman v. Jordan   , 32 F.3d 475, 482 (10th Cir.

1994) (applying Colorado's two-year personal injury limitations period to § 1983

claim).  Thus, the only timely claims are the first three claims of Eckert's form

complaint (two of which are restated in the amended complaint).  We now

consider each of these in turn.

_____

[7]In a motion for reconsideration and on appeal, Eckert alleges a continuing
conspiracy and a continuing course of action which would bring the 1992 events
within the scope of the 1994 events.  Such an argument is belied by the fact that
more than two years had elapsed between the two sets of events.  Eckert's
conclusory allegations of conspiracy are insufficient to establish a basis for
tolling the statute of limitations.  See Peterson v. Shanks, 149 F.3d 1140, 1145
(10th Cir. 1998) (noting that "conclusory allegations without supporting factual
averments are insufficient to state a claim on which relief can be based").

In Claim I of both complaints, Eckert alleged that defendants Montgomery, Keller, Garcia, and Dempster violated the Eighth Amendment by failing to protect him from an assault from another inmate. As the magistrate judge noted, Eckert failed to establish the existence of a policy, custom or practice of the Adams County Sheriff's Department that played any part in this alleged violation. Thus, he failed to state a claim for relief against these defendants in their official capacities. See Hafer v. Melo, 502 U.S. 21, 25 (1991). Nor did he state a claim for relief in their individual capacities, since he failed to allege or to present any facts tending to show that they knew of and disregarded an excessive risk of harm to him.[8] See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In Claim II of both complaints Eckert alleged that Sumro-Davis, the physician responsible for medical care at the ACD, violated his constitutional rights by failing to repair or replace his broken eyeglasses.[9] He also alleges that the lack of his glasses and the resulting vision problems prejudiced him in his pro se court appearance on August 23, 1994. However, the complaints establish only that Sumro-Davis was the medical supervisor at the jail, and Eckert failed to allege any facts to establish Sumro-Davis's personal participation in the alleged

---

[8]Specifically, the magistrate judge noted that Eckert failed to controvert the defendants' affidavits which disclaimed any such knowledge. R. Vol. I, Tab 70 at 5.

[9]Eckert also makes this claim against various city officials who failed to properly supervise Sumro-Davis.

denial. [10]  As the magistrate judge correctly concluded, Eckert has made no timely allegation of such personal participation and therefore fails to state a claim for relief.

Claim III of the form complaint, which was dismissed in the district court's first order of dismissal, also arises from events which occurred in 1994.  In this claim, Eckert alleged that defendants Montgomery, Keller, Garcia and Dempster denied him access to the courts and effective assistance of counsel by denying him access to legal telephone calls and visits.  He also raises this claim against various county officials who failed to properly supervise the jail personnel.  The district court dismissed this, along with other denial of access claims, noting        inter alia that Eckert failed to allege any actual injury in his ability to pursue a

---

[10]Eckert failed to respond to the defendants' motion for dismissal or summary judgment despite two extensions of time to do so.  Nonetheless, belatedly, in his objections to the magistrate judge's recommendations, for the first time, Eckert alleged that he filed a "medical kite on August 22, 1994 concerning having his glasses repaired or replaced," and he further alleges that Sumro-Davis refused the request.  R. Vol. I, Tab 72 at 20-21.  Even if true, the bare allegation was not timely made and is insufficient in any event.  While we liberally construe pro se pleadings, an appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.  Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

We also note that Eckert's Amended Complaint appears to allege two separate incidents in which his eyeglasses were broken, the first of which occurred in 1991.  R. Vol. I, Tab 15 at 3, Claim II.  Obviously, any claim arising in 1991 is time barred.

nonfrivolous legal claim.  R. Vol. I, Tab 6 at 6 (citing      Lewis v. Casey  , 518 U.S. 343, 349 (1996)).  On appeal, Eckert points out that his pleading demonstrated that he was involved in matters related to his criminal case, and he contends that the district court improperly applied the standard related to access in civil cases. We disagree.  The requirement of actual injury—which relates to standing to bring a § 1983 claim—clearly applies to access in criminal matters.       Lewis , 518 U.S. at 354 (noting several access-to-court decisions which concerned attempts by inmates to pursue direct appeals from their convictions).

Additionally, Eckert alleges various procedural errors.  First, he claims that the district court failed to conduct a de novo review of the magistrate judge's recommendation.  Eckert is correct that a de novo review is required after a party makes timely written objections to a magistrate's report.  We have generally held that a brief order expressly stating the court conducted de novo review is sufficient to establish that the court satisfied its duty.       Northington v. Marin  , 102 F.3d 1564, 1570 (10th Cir. 1996).  The order in this case contains such a representation,   see R. Vol. I, Tab 73, and Eckert has presented us with nothing to overcome the presumption that the court carried out its duty as stated.

As further procedural errors, Eckert complains that the district court improperly delayed ruling on his motion to reinstate and on his motion for reconsideration, failed to address his request for counsel, failed to allow him to

amend his complaint, and failed to liberally construe his pleadings in a favorable light. [11] As we have already affirmed the district court's dismissal and judgment on the merits, Eckert can show no prejudice from any delay in the court's subsequent rulings to reinstate or reconsider. Cf. Harris v. Champion, 15 F.3d 1538, 1559 (10th Cir. 1994) (noting, in the context of appellate delay, that a showing of prejudice is necessary to establish a due process violation resulting from delay). Nor can Eckert show any prejudice or constitutional violation from the court's failure to address his request for counsel, both because his claims lacked merit, and because a prisoner has no constitutional right to counsel in civil proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Additionally, the court had already allowed one amended complaint, and we conclude that it did not abuse its discretion in refusing to allow a second amendment. [12] Moreover, even under a liberal reading, Eckert's claims failed as a matter of law, and, moreover, once the summary judgment motion was filed, he could no longer rely on the conclusory allegations in his complaint. See Fed. R.

---

[11]Eckert also alleges other constitutional deprivations, such as the failure of the Colorado prison to provide sufficient legal materials. However, there is no record of his making these claims in the district court. We will not review such claims made for the first time on appeal.

[12]Eckert's filings with the district court state no basis for his request to amend his complaint. In his brief to us, he states only that he wished to conform to the evidence, and to raise new transactions which had occurred since the filing of his original complaint. Appellant's Br. at 3C.

Civ. P. 56(e) ("When a motion for summary judgment is made and supported . . . an adverse party may not rest upon the mere allegations [in his pleadings], but the adverse party's response, by affidavits . . . must set forth specific facts showing that there is a genuine issue for trial.").

Finally, Eckert has filed a motion seeking 1) leave to file a reply brief out of time; and 2) an order directing the prison to copy his reply brief in its entirety. According to Eckert's affidavit, the legal clerk refused to copy the reply brief because it was incomplete and contained exhibits which were too voluminous. He claims that the prison's refusal to copy his brief constitutes a denial of access to the courts and deliberate indifference. We note in passing that Eckert has made no showing of exhaustion. Moreover, as we have already explained, in order to state a claim for denial of access to the courts, a prisoner must demonstrate an actual injury in his ability to pursue a nonfrivolous legal claim.  Lewis v. Casey, 518 U.S. 343, 349 (1996)). Our extensive review of the merits shows that Eckert's appeal brings no nonfrivolous claim, and his newly conjured conclusory allegation of deliberate indifference is insufficient as a matter of law.

Accordingly we DENY the motion, and AFFIRM the judgment of the district court. As Eckert's appeal is meritless and frivolous, it is a prior occasion under 28 U.S.C. § 1915(g). [13]

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[13]We note, however, that the district court's disposition, which included a summary judgment ruling, does *not* count as a prior occasion for purposes of § 1915.