**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NOAH R. ROBINSON,

      Plaintiff-Appellant,

    v.

JOSEPH E. GUNJA, Warden; OSCAR
ACOSTA, Associate Warden;
CHRISTOPHER B. SYNSVOLL,
Attorney; D. LOCKE, Legal
Department; ALLEN CHILDS, S.I.A.;
JACK WILNER, S.I.S. Legal Tech;
MS. POTTER, S.I.S. Legal Tech;
STANLEY ROWLETT, Unit Manager;
KENNETH LINCOLN, Counselor;
BERNIE JANUSZ, Case Manager;
SUSAN OPPENHEIMER, ITS
Account Tech, JOHN DOE,
Correctional Officer and MARY DOE,
Correctional Officer,

      Defendants-Appellees.

No. 03-1262

(D. Colorado)

(D.C. No. 02-Z-2355)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to decide this case on the briefs without oral argument. *See* FED. R. APP. P. 34(f); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Noah R. Robinson, a federal prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his complaint filed pursuant to 42 U.S.C. § 1983. Mr. Robinson claims various violations of his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights as a result of the warden's decision to terminate Mr. Robinson's telephonic access to legal personnel. The district court sua sponte dismissed his claims as legally frivolous under 28 U.S.C. § 1915A(b)(1). For the reasons set forth below, we affirm the district court's dismissal.

## I. DISCUSSION

### A. Standard of Review

In *Plunk v. Givens*, 234 F.3d 1128, 1130 (10th Cir. 2000), we noted "this court has not yet determined whether a dismissal pursuant to § 1915A on the ground that the complaint is legally frivolous is reviewed *de novo* or for abuse of discretion." Applying the same methodology as we did in *Plunk*, we note that we "need not resolve that question at this juncture, however, because our review of the entire record in this case . . . reveals no hint of reversible error under either

standard." *Id.* Thus, for the reasons stated below, we affirm the district court's dismissal of all of Mr. Robinson's claims.

**B. Merits**

In his complaint, Mr. Robinson asserted the following claims arising from his incarceration at USP Florence:

(1) prison authorities violated his First Amendment rights through termination of access to courts and to legal personnel;

(2) prison authorities violated his Fourth Amendment rights through the unwanted monitoring of his privileged telephone conversations;

(3) prison authorities violated his Fifth Amendment right against self-incrimination by providing Mr. Robinson with purportedly unmonitored telephone access for legal purposes from February 2002 – November 2002, and then monitoring these conversations and using these conversations as the basis for terminating his legal telephone access;

(4) prison authorities violated his Sixth Amendment right to privileged communications with counsel, and

(5) prison authorities violated his Fourteenth Amendment right to due process by (a) depriving him of his vested liberty interests in personal privacy and his right to confidentiality of the contents of his legal conversations, and (b)

violating his right to equal protection under the law by terminating his telephone access for legal purposes. On appeal, Mr. Robinson raises the same claims.

**(1) First Amendment violations**

Mr. Robinson claims violations of his First Amendment constitutional right of access to the courts, to counsel, and to legal assistants, and to confer with counsel in a confidential manner. The district court dismissed his claim, noting that, although inmates retain First Amendment protections, "'incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Rec. doc. 24, at 4 (Dist. Ct. Order, filed May 23, 2003) (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987)). The district court also liberally construed Mr. Robinson's claim to allege a Sixth Amendment violation of his right of access to the courts, and dismissed this claim as unsupportable in light of his manifold court filings in several courts nationwide.

We agree with the district court's rulings. To the extent Mr. Robinson alleges he was denied access to the courts, he can demonstrate no prejudice. The Supreme Court in *Lewis v. Casey*, 518 U.S. 343, 349 (1996), made very clear that an inmate alleging that a prison has violated his right of access to the courts must show actual prejudice. Mr. Robinson has offered no facts to show that his ability to pursue nonfrivolous litigation was hindered by the lack of case law or legal

assistance. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (noting that although pro se pleadings are to be construed liberally, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

### (2) Fourth Amendment right to confidentially confer with counsel and standby counsel

Mr. Robinson next contends he was denied his Fourth Amendment right to be free from unwanted monitoring of confidential communications with consulting and standby counsel. The district court reasoned that attorney-client privilege cannot attach to Mr. Robinson's calls because he "is using the attorneys he references to as legal resources." Rec. doc. 24, at 8. Because he is proceeding pro se, and thus not represented by counsel, his calls were properly monitored by prison authorities.

Mr. Robinson has supplied letters from several attorneys who stated that they, along with various paralegals, were providing Mr. Robinson with out-of-prison legal assistance on various matters. He contends that the only persons on his "approved telephone list" were legal personnel, and thus a privilege should attach to these calls.

As the government points out, however, Mr. Robinson's claims involve only the Inmate Telephone System (ITS), in which there is no confidentiality promised by prison authorities. The Admission and Orientation Handbook for

USP Florence specifies that all calls made on the ITS may be recorded and monitored. Aple's Br. at 5. "To make an unmonitored legal telephone call, [an inmate] must submit an "Inmate Request to a Staff Member" to the counselor for approval." *Id.* ex. 4 (Excerpt from the Admission and Orientation Handbook, USP Florence, at 12). Mr. Robinson does not allege that he submitted an "Inmate Request to a Staff Member" to make an unmonitored telephone call. Clearly, Mr. Robinson had no reasonable expectation of privacy in the ITS calls. *See* Aple's Br. ex. 2 at 6 (Tel. Regs. for Inmates FLP5264.07A) ("Inmates may elect to use the ITS to place calls to an attorney. If so, those calls will be subject to recording and monitoring by staff.").

**(3) and (4) Fifth Amendment right against self-incrimination; Sixth Amendment right to privileged communications with counsel**

Mr. Robinson raises related claims that his Fifth and Sixth Amendment rights were violated through the monitoring of his ITS conversations with legal counsel. Because we have determined these calls at issue were placed on the ITS system, and thus were calls that may be recorded or monitored, the district court properly dismissed these claims. Furthermore, we hold that Mr. Robinson cannot establish a claim for the violation of his right against self-incrimination because he does not allege that any of the information obtained from the monitored calls was used against him in any criminal proceeding. *See Chavez v. Martinez,* 123 S. Ct. 1994, 2003 (2003) ("[A] violation of the constitutional right against

-6-

self-incrimination occurs only if one has been compelled to be a witness against himself in a criminal case.") (emphasis deleted).

**(5) Fourteenth Amendment rights to due process**

Finally, Mr. Robinson claims that prison authorities violated his Fourteenth Amendment rights to due process by (a) depriving him of his vested liberty interest in personal privacy and his right to confidentiality in the content of his legal conversations, and (b) violating his right to equal protection under the law by terminating his telephone access for legal purposes. He also points to several other similarly situated inmates who allegedly violated various telephone procedure provisions, but who retained their phone privileges for legal calls.

As the government points out, "prison officials can, and often do, use information obtained from calls placed on the ITS system to discipline inmates." Aple's Br. at 13 (citing 28 C.F.R. § 540.100 ("[I]nmate telephone use is subject to those limitations which the Warden determines are necessary to ensure the security or good order, including discipline, of the institution or to protect the public. Restrictions on inmate telephone use may also be imposed as a disciplinary sanction (see 28 CFR part 541).")).

Mr. Robinson cannot demonstrate that the disciplinary action taken as alleged herein constitutes the sort of "atypical, significant deprivation in which

the [government] might conceivably create a liberty interest." *Sandin v. Connor*, 515 U.S. 472, 486 (1995). Furthermore,

> an inmate "has no right to unlimited telephone use." *Benzel v. Grammar*, 869 F.2d 1105, 1108 (8th Cir. 1989) . . . Instead, a prisoner's right to telephone access is "subject to rational limitations in the face of legitimate security interests of the penal institution." *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986). "The exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions." *Fillmore v. Ordonez*, 829 F. Supp. 1544, 1563-64 (D. Kan. 1993), *aff'd*, 17 F.3d 1436 (10th Cir. 1994).

*Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994). We hold that Mr. Robinson cannot demonstrate that the restriction on his telephone use was an inappropriate disciplinary sanction.

## II. CONCLUSION

Accordingly, we affirm the district court's dismissal of Mr. Robinson's complaint pursuant to 28 U.S.C. § 1915A(b).

Entered for the Court,

Robert H. Henry
Circuit Judge