Tommy YOUNG, Plaintiff–Appellant,

v.

David GUNDY, et al., Defendants–Appellees.

No. 01–2111.

United States Court of Appeals, Sixth Circuit.

March 7, 2002.

Before BOYCE F. MARTIN, JR., Chief Judge; BOGGS and DAUGHTREY, Circuit Judges.

Tommy Young, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his 42 U.S.C. § 1983 civil rights complaint pursuant to the provisions of 28 U.S.C. §§ 1915(e) and 1915A, and 42 U.S.C. § 1997e(c). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief only, Young filed a complaint against David Gundy, warden of the Oaks Correctional Facility, where Young is incarcerated; Correctional Officer Gainer; and Sergeant Wiggins. Young alleged that on November 7, 2000, Gainer brought him mail that had been returned by the mail room for insufficient postage and informed him that the mail required two additional stamps. Young requested Gainer to weigh the mail in his presence, but Gainer refused. Gainer then took the mail to the control center where Young was called to review its contents. According to Young, the mail in question consisted of his appeal to Step III of the prison's grievance procedure. Young alleged that, by refusing to return his mail to him, Gainer violated his constitutional rights as well as prison policy. Young alleged that Wiggins conspired with Gainer to violate his constitutional rights by refusing to return his outgoing mail.

Despite Young's failure to demonstrate exhaustion of his administrative remedies, the district court dismissed Young's complaint for failure to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1997e(c)(2). Young's "motion to vacate" was subsequently denied. Young has filed a timely appeal. He has filed a motion to remand.

We review de novo a judgment dismissing a suit for failure to state a claim upon which relief may be granted under §§ 1915(e)(2) and 1915A(b). *Brown v.*

*Bargery,* 207 F.3d 863, 867 (6th Cir.2000). A district court judgment dismissing a prisoner's complaint under § 1997e(c) is also reviewed de novo. *Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir.1998).

Upon review, we conclude that the district court properly dismissed Young's complaint, as it fails to state a claim for relief. Contrary to Young's argument, Michigan Department of Corrections Policy Directive 05.03.118 does not require a correctional officer to return mail that has been rejected by the mail room for inadequate postage to the prisoner. Moreover, Young does not claim that he was denied the opportunity to send mail or that Gainer refused to send his mail. Young does not allege that Gainer censored his mail or in any way restricted or chilled his right of free expression or ability to correspond with the intended recipient of the mail in question. *See Procunier v. Martinez,* 416 U.S. 396, 413, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974) (limited to outgoing mail only by *Thornburgh v. Abbott,* 490 U.S. 401, 413–14, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989)); *see also Bell–Bey v. Williams,* 87 F.3d 832, 838 (6th Cir.1996); *Martucci v. Johnson,* 944 F.2d 291, 295–96 (6th Cir. 1991). As Young's mail lacked proper postage, it was properly rejected by the mail room.

Furthermore, Young's right of access to the courts was not violated when Gainer refused to return his rejected outgoing mail to him. *See Lewis v. Casey,* 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ward v. Dyke,* 58 F.3d 271, 275 (6th Cir.1995). Young did not allege that he was denied the opportunity to present any claims in court or that his access to the courts was obstructed or impeded by Gainer. A grievance appeal does not implicate the First Amendment right of access to the courts because there is no inherent constitutional right to an effective

prison grievance procedure. *Antonelli v. Sheahan,* 81 F.3d 1422, 1430–31 (7th Cir. 1996); *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir.1994).

Young's conspiracy allegation against Wiggins is vague, conclusory, and insufficient to state a claim under § 1983. *See Gutierrez v. Lynch,* 826 F.2d 1534, 1538–39 (6th Cir.1987). "[C]onspiracy claims must be pled with some degree of specificity." *Id.* at 1538. Aside from Young's bare assertion of a conspiracy, he offers no factual support or evidence upon which a conspiracy involving Wiggins and Gainer can be based.

Young failed to allege that Gundy was either personally responsible for or knowingly acquiesced in any unconstitutional conduct. Liability under § 1983 cannot be imposed merely because of the supervisory position which this particular defendant held. *See Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984). The theory of respondeat superior cannot provide the basis for liability in § 1983 actions. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Street v. Corrs. Corp. of Am.,* 102 F.3d 810, 817–18 (6th Cir.1996).

Accordingly, the motion to remand is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.