**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALFREDO ALVAREZ,

      Petitioner-Appellant,

v.

ALBERTO R. GONZALES, [*] and
T. C. PETERSON, Warden

      Defendants-Appellees.

No. 05-6129

(W.D. of Okla.)

(D.C. No. CV-04-774-L)

**ORDER AND JUDGMENT** [**]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges. [***]

Plaintiff-Appellant Alfredo Alvarez, a federal prisoner appearing pro se,

appeals the district court's dismissal of his civil rights complaints. Alvarez also

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Respondent requests that Alberto R. Gonzales be substituted for John Ashcroft as the respondent in this case.

[**] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

seeks appointment of counsel. We affirm the district court's order and deny the motion for appointment of counsel.

## I. Background

Alvarez filed a *Bivens* action against various federal officials arising from his incarceration at the Federal Correctional Institution in El Reno, Oklahoma. He alleges numerous constitutional violations suffered during his confinement in El Reno as well as violations of the protections afforded by Article 36 of the Vienna Convention on Consular Relations. Upon the magistrate judge's recommendation, the district court denied each of Alvarez's claims. Because the parties are familiar with the facts, we will not restate them here.

## II. Analysis

We construe a pro se plaintiff's complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, 28 U.S.C. § 1915A acts as a barrier to a prisoner's suit if it is frivolous, malicious, or fails to state a claim for which relief can be granted. We review the district court's dismissal under § 1915A de novo. *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001).

### A. Failure to Provide Adequate Medical Treatment

Alvarez first claims damages and equitable relief based on the alleged failure of prison officials to provide him with adequate medical treatment following an eye injury incurred while on work duty in El Reno. As the district court found, Alvarez's claim fails for one basic reason: the compensation benefits

provided for by 18 U.S.C. § 4126(c)(4) constitute the exclusive remedy for "injuries suffered . . . in any work activity in connection with the maintenance or operation of the institution [in which the inmates are] confined." 18 U.S.C. § 4126(c)(4); *see United States v. Demko*, 385 U.S. 149, 153 (1966) (accepting § 4126 "as an adequate substitute for a system of recovery by common-law torts"); *United States v. Gomez*, 378 F.2d 938, 939 (10th Cir. 1967) (per curiam) (holding that § 4126 "constitute[s] the exclusive remedy for injuries received by federal prisoners while performing assigned prison tasks"). The § 4126 remedy includes claims that subsequent negligence or inadequate medical care caused further injury. 28 C.F.R. § 301.301(b) (2005) (noting that the statute applies to inmates receiving "improper medical treatment of a work-related injury").

Accordingly, Alvarez is barred from litigating his *Bivens* claim since the cause of his original injury was work-related and compensable only under 18 U.S.C. § 4126.

### B. Harassment, Threats, and Abuse

Alvarez next claims damages and equitable relief based on alleged harassment, threats, and verbal abuse by prison officials. He claims that a prison officer stated to another officer that he would "burn this guy." Additionally, he alleges that another prison official antagonized him with a sexually inappropriate comment. Mere verbal threats or harassment do not rise to the level of a constitutional violation unless they create "terror of instant and unexpected

death." *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992). Here, the officers' comments, although inappropriate, do not suggest a show of deadly force, thus failing to create "terror of instant and unexpected death."

Accordingly, without allegations of greater harms, Alvarez fails to assert a constitutionally protected right.

### C. Retaliation

Alvarez next claims that his administrative complaint regarding inadequate medical treatment provoked retaliation from prison guards. He claims that after he filed his complaint, prison guards questioned him regarding allegations of knife possession; however, the investigation never resulted in any action against Alvarez. He also alleges that his monthly salary for work duty was unjustifiably reduced.

In order to state a valid claim of retaliation, a plaintiff must "allege specific facts showing retaliation [on account] of the exercise of the prisoner's constitutional rights," *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990), and "prove that 'but for' the retaliatory motive, the incidents to which [the inmate] refers, including the disciplinary action, would not have taken place." *Smith v. Maschner*, 899 F.2d 940, 949–50 (10th Cir. 1990). Alvarez alleges no fact that could establish the questioning "would not have taken place" but for his administrative complaint. Therefore, the district court properly dismissed Alvarez's claim.

*D.  Vienna Convention on Consular Relations, Article 36*

Alvarez finally claims that he has been denied the protections afforded by Article 36 of the Vienna Convention on Consular Relations (VCCR), namely that as a foreign national he had a right to consular assistance following his arrest in August 1997.  *See* VCCR art. 36, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261 (requiring officials upon request of the defendant to "inform the consular post of the sending state if . . . a national of that state is arrested or committed to prison . . . . The said authority shall inform the person concerned without delay of [these] rights.").  He argues that a *Bivens* claim arises from that denial.

Neither the Supreme Court nor this circuit has held that Article 36 confers individually enforceable rights.  On the contrary, both courts have consistently concluded that remedies for Article 36 violations in criminal proceedings, such as suppression of evidence or dismissal of an indictment, are inappropriate or that procedural rules preclude courts from considering the issue.  *See Medellin v. Dretke*, 125 S. Ct. 2088 (2005) (dismissing writ as improvidently granted); *Breard v. Greene*, 523 U.S. 371, 376 (1998) (per curiam) (noting that Article 36 "arguably confers on an individual the right to consular assistance following arrest," yet ultimately holding that a procedural default prevented the claim from being heard); *United States v. Minjares-Alvarez*, 264 F.3d 980, 986 (10th Cir. 2001) (suppression); *United States v. Chanthadara*, 230 F.3d 1237, 1255–56 (10th

Cir. 2000) (same). Numerous other circuits have reached the same conclusion. *See United States v. Li*, 206 F.3d 56, 60 (1st Cir. 2000) (suppression and dismissal); *United States v. De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001) (dismissal); *Murphy v. Netherland*, 116 F.3d 97, 100 (4th Cir. 1997) (procedural default); *United States v. Lawal*, 231 F.3d 1045, 1048 (7th Cir. 2000) (suppression); *United States v. Ortiz*, 315 F.3d 873, 886 (8th Cir. 2002) (suppression); *United States v. Lombera-Camorlinga*, 206 F.3d 882, 885 (9th Cir. 2000) (en banc) (suppression); *United States v. Duarte-Acero*, 296 F.3d 1277, 1281–82 (11th Cir. 2002) (dismissal). In contrast, only two circuits have definitively held that, in the context of a criminal proceeding, Article 36 does not confer an individual right. *United States v. Jimenez-Nava*, 243 F.3d 192, 198 (5th Cir. 2001); *United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001).

Here, Alvarez recasts the traditional Article 36 claim, alleging instead a private civil action for damages independent of the criminal proceeding. Thus far, only the Seventh Circuit has addressed such a novel claim, holding that the defendant had a private § 1983 right of action under Article 36. *Jogi v. Voges*, 425 F.3d 367, 385 (7th Cir. 2005).

Despite the legal uncertainty, we nonetheless need not address the merits of this claim here. Even if a *Bivens* claim could arise under Article 36, Alvarez's claim is barred by the applicable limitations period. As noted in Article 36, any rights "shall be exercised in conformity with the laws and regulations of the

receiving State subject to the proviso, however, that the said laws and regulations must enable full effect to be given to the purposes for which the rights accorded under this Article are intended." VCCR; *see Breard*, 523 U.S. at 375 (holding that "absent a clear and express statement to the contrary, the procedural rules of the forum State govern the implementation of the treaty in that State"). *Bivens* actions "borrow the general personal injury limitations statute in the state where the action arose." *Van Tu v. Koster*, 364 F.3d 1196, 1198 (10th Cir. 2004).

Based on applicable Oklahoma law two years were available during which Alvarez could have brought his claim. Okla. Stat. tit. 12, § 95(A)(3) (2004) (imposing a two-year limitations period for a civil "action for injury to the rights of another, not arising on contract . . . ."). Although the record is unclear as to the exact date Alvarez was convicted, he has been incarcerated for approximately eight years. Therefore, since Alvarez's cause of action accrued, if at all, more than two years prior to June 24, 2004, the date when he filed his complaint, Alvarez's claim is time barred.

In conjunction with this claim, Alvarez also alleges constitutional deprivations during his arrest and prosecution, such as denial of the rights to effective assistance of counsel and due process, and requests monetary compensation based on those allegations. Alvarez's conclusory allegations require us to assume that his conviction was obtained in violation of the Constitution, which we cannot do under *Heck v. Humphrey* since his conviction

has not been disturbed. *See* 512 U.S. 477, 486–487 (1994) (holding that a plaintiff bringing a § 1983 action to recover damages for an allegedly unconstitutional conviction "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").

Because Alvarez's conviction remains undisturbed, the district court properly dismissed this claim.

### III. Conclusion

Accordingly, we AFFIRM the order of the district court for substantially the same reasons given by the magistrate judge and the district court, DENY the request for an order of injunction, and DENY the motion for appointment of counsel.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge