**UNITED STATES COURT OF APPEALS**

March 27, 2013

**TENTH CIRCUIT**

---

BILLY VON HALLCY,

         Plaintiff-Appellant,

  v.

TOM CLEMENTS, Executive
Director; SERGEANT BARTSCH,

         Defendant-Appellee.

No. 12-1381

(D. of Colo.)

(D.C. No. 1:12-CV-00534-CMA-MJW)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **EBEL** and **TYMKOVICH**, Circuit Judges.[**]

---

Billy Von Hallcy, a state prisoner proceeding *pro se*, filed a civil rights

action against a prison guard, Sergeant Bartsch, for harassing Von Hallcy,

handcuffing him without cause, shoving him on at least one occasion, and causing

him to lose his job in the prison's laundry room.[1]  Von Hallcy also claimed the

---

[*]  This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**]  After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

[1]  We construe Von Hallcy's filings liberally because he is proceeding *pro*

(continued...)

prison's grievance reporting system violated due process. The district court dismissed the complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

Von Hallcy is a prisoner in Colorado's Sterling Correctional Facility. On February 28, 2012, he filed suit in federal court against one of his prison guards, Sergeant Bartsch, and against the Executive Director of Colorado's Department of Corrections for violations of Von Hallcy's constitutional rights. Specifically, he alleged Bartsch violated his Eighth Amendment rights by verbally harassing him for wearing his knit cap too low, handcuffing him without cause, and shoving him against a wall on one occasion. He alleged the director violated his Fourteenth Amendment right to due process by providing him with an inadequate prisoner grievance reporting system. And he alleged Bartsch retaliated against him for reporting her behavior by causing him to lose his job in the prison laundry room.

Pursuant to 28 U.S.C. § 1915A, the district court screened Von Hallcy's complaint. The court noted some procedural defects, which Von Hallcy corrected in a subsequent filing,[2] and after screening the new filing, the court dismissed as

_____

[1](...continued)
se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

[2] In Von Hallcy's original filing, he named two other defendants. However, in this revised filing, he dropped those individuals from the case.

frivolous Von Hallcy's claim against the director. *See* 28 U.S.C. § 1915A(b)(1) ("On review, the court shall . . . dismiss . . . any portion of the complaint . . . [that] is frivolous . . . ."). It dismissed the claim because Von Hallcy alleged no facts showing the director was involved with the grievances filed, alleged no facts supporting supervisory liability, and did not request any relief relevant to the due process claim. Also, the court noted, no right to prison grievance procedures exists under the Constitution. The court then referred the claim against Bartsch, with Von Hallcy's consent, to a magistrate judge for review and a recommendation. Von Hallcy filed a motion to amend the complaint by re-adding the director, and Bartsch filed a motion to dismiss.

In an eleven-page report, the magistrate judge reviewed Von Hallcy's allegations, his motion to amend, Bartsch's motion to dismiss, and applicable law and ultimately recommended denying the motion to amend and dismissing the case. For Von Hallcy's motion to amend, the magistrate judge acknowledged that "[t]he court should freely give leave [to amend] when justice so requires," R., Vol. 1, at 68, but because Von Hallcy's proposed amendments did not cure the deficiencies identified at the screening stage, the magistrate judge recommended denying Von Hallcy's motion. As for Bartsch's motion to dismiss, the magistrate judge reasoned that one shove, verbal harassment, and handcuffing do not rise to the level of Eighth Amendment violations. And the magistrate judge concluded that Von Hallcy failed to state a claim for retaliation because he failed to

-3-

establish a causal nexus between exercising his constitutional rights and Bartsch's adverse action.[3]  For all these reasons, the magistrate judge recommended granting Bartsch's motion to dismiss.

Von Hallcy objected to the magistrate judge's recommendation, and in response, the district court conducted "a *de novo* review of this matter, including reviewing all relevant pleadings, the Recommendation, and [Von Hallcy's] objection thereto."  R., Vol. 1, at 84.  Based on its *de novo* review, the court adopted the magistrate judge's recommendation in full, denied Von Hallcy's motion to amend, and dismissed the case.  This appeal followed.

## II.  Analysis

We review *de novo* the district court's dismissal for failure to state a claim. *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).  "We accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff.  . . .  [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* (citations and internal quotation marks omitted).

---

[3]  The magistrate judge also recommended dismissing Von Hallcy's claim against Bartsch in her official capacity pursuant to the Eleventh Amendment. However, in his first filing, Von Hallcy indicated he was suing Bartsch in her "personal compacity [sic]," so we need not address any official-capacity analysis. R., Vol. 1, at 4.

As the district court correctly found, Von Hallcy's allegations of one incident of shoving, verbal abuse, and handcuffing fail to state a violation of his Eighth Amendment rights. The type of shove Von Hallcy describes—unaccompanied by any physical injury—has long been recognized as not rising to the level of a violation of a constitutional right. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Verbal harassment about a knit cap does not count either. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992); *see also Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) ("Mere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'"). Nor does handcuffing while in prison.

Von Hallcy's due process claim against the director also fails. "[T]here is no independent constitutional right to state administrative grievance procedures." *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994)); *see also Butler v. Brown*, 58 F. App'x 712 (9th Cir. 2003) ("[A] prisoner has no constitutional right to prison grievance procedures."); *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002) ("[T]here is no inherent constitutional right to an effective prison grievance procedure."). "Nor does the state's voluntary provision of an administrative grievance process create a liberty interest in that process." *Boyd*, 443 F. App'x at 332 (citing *Bingham v. Thomas*, 654 F.3d 1171, 1177–78 (11th Cir. 2011); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam)). Therefore,

-5-

Von Hallcy cannot state a due process claim based on allegations of an ineffective grievance reporting system.[4]

And because Von Hallcy has no constitutional right to file a grievance, he cannot show he "engaged in constitutionally protected activity" required to prove retaliation. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). Even if we were to construe his "constitutionally protected activity" as exercising his freedom of speech by reporting Bartsch's behavior, the district court was correct to conclude that Von Hallcy's retaliation claim still fails for lack of causation. First, Von Hallcy pleaded that he lost his prison job months after he complained about Bartsch's behavior, thereby negating any causal nexus. And second, Von Hallcy pleaded an alternative reason for losing his job. In his first filing, Von Hallcy noted that, after Bartsch asked him to leave one area, Von Hallcy nevertheless stayed where he was, thereby disobeying her command. Von Hallcy does not explain why losing the prison laundry job could not have resulted from this disobedience rather than from the grievance filed months before his

---

[4] In fact, Von Hallcy's prison grievance was reviewed, and "[i]t was decided that [his] hat will be acceptable to wear above [his] eyebrow while in [the] Laundry [Department]." R., Vol. 1, at 10. But no further action was taken because Von Hallcy failed to follow the time frame for requesting further relief, so even if Von Hallcy did have a due process right to a prison grievance system, it is unlikely his right was violated here. When the state provides a grievance system, as here, the prisoner needs to respect the state's decision and exhaust those administrative proceedings before filing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also id.* at 90–91 ("Proper exhaustion demands compliance with an agency's deadlines . . . .").

termination.  Consequently, Von Hallcy's pleadings do not state a plausible claim on which relief can be granted, and the district court did not err in dismissing his complaint.

## III.  Conclusion

Accordingly, we AFFIRM the district court.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge