**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID A. CIEMPA,

      Plaintiff-Appellant,

  v.

RON J. WARD; BOBBY BOONE;
RANDALL WORKMAN; DANIEL
OWENS,

      Defendants-Appellees.

No. 04-5176
(D.C. No. CV-03-235-H(C))
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **HENRY, ANDERSON** , and **TYMKOVICH** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

David A. Ciempa, an Oklahoma state prisoner appearing pro se, appeals the district court's summary judgment dismissal of his 42 U.S.C. § 1983 civil rights complaint against officials of the Oklahoma Department of Corrections. He claimed his constitutional rights were violated when he was exposed to second-hand smoke in prison. We affirm.

Background

Mr. Ciempa, a non-smoking African-American, alleged his Fourteenth Amendment equal protection rights were violated because he was assigned an African-American cellmate who smoked when there were available cell assignments with non-black non-smokers. He further claimed that his Eighth Amendment rights were violated because defendants were deliberately indifferent to his serious medical needs when they failed to enforce prison non-smoking policies. Finally, he alleged that his constitutional due process rights were denied because defendants failed to provide an effective prison grievance procedure. Mr. Ciempa sought a declaratory judgment, injunctive relief, and compensatory damages.

The district court directed defendants to file a report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Defendants filed a *Martinez* report along with a Motion to Dismiss/Motion for Summary Judgment. Plaintiff sought a continuance to conduct discovery, citing Fed. R. Civ. P. 56(f). The district

court granted plaintiff's motion to the extent he sought time to gather materials necessary to respond to defendants' motions to dismiss and for summary judgment, but granted defendants' motion to limit discovery pending resolution of their qualified immunity defense. Plaintiff did file a response to defendants' motions, and he attached affidavits from numerous inmates, most of which were photocopies.

Based on the undisputed evidence, the district court granted defendants' motion. It dismissed all damages claims against defendants in their official capacity based on Eleventh Amendment immunity. It dismissed plaintiff's equal protection claim for failure to exhaust administrative remedies. It also dismissed his due process claim for failure to state a claim. Finally, the district court granted summary judgment on plaintiff's Eighth Amendment claim, ruling that plaintiff did not present evidence that he was being exposed to unreasonably high levels of environmental tobacco smoke (ETS), or that defendants had been deliberately indifferent to his medical needs or health and safety. *See Helling v. McKinney*, 509 U.S. 25, 35-36 (1993) (holding prisoner can state a claim of cruel and unusual punishment by alleging prison officials have, with deliberate indifference, involuntarily exposed him to ETS which posed an unreasonable risk to his health).

Analysis

*Standard of Review*. We review de novo the district court's decision on a motion to dismiss for failure to state a claim or a motion for summary judgment. *Wolf v. Prudential Ins. Co.*, 50 F.3d 793, 796 (10th Cir. 1995); *Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993). Dismissal of a complaint is proper only where, after taking all well-pleaded factual allegations as true, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, we examine the factual record in the light most favorable to the nonmoving party. *Wolf*, 50 F.3d at 796. We construe plaintiff's pleadings before us liberally because he is proceeding pro se. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

*Eighth Amendment Claim*. On appeal, plaintiff first contends that the district court improperly weighed evidence in granting defendants' motion. It is true that the district court may not use a *Martinez* report to resolve disputed issues of fact. *Swoboda*, 992 F.2d at 290. Plaintiff asserts that the district court

-4-

accepted the defendants' evidence in the *Martinez* report while ignoring the conflicting evidence that he presented. Plaintiff does not provide any example in support of this claim, nor do we find support for his assertion in our review of the record.

The defendants presented evidence that plaintiff never requested to be celled with a non-smoker. He did complain of a sinus problem, which he attributed to second-hand smoke, but he did not request cell reassignment and he was given sinus medication. Defendants proffered the opinion of the prison physician that plaintiff's sinus condition was the result of seasonal allergies and that plaintiff did not suffer any medical condition caused by ETS. Defendants attached copies of prison regulations stating that all prison living areas, including cells, housing units, and all indoor areas are, by policy, smoke free. They presented copies of prison disciplinary proceedings and affidavits indicating that prison officials had taken steps to minimize or eliminate unauthorized smoking, and presented evidence that when they asked plaintiff to name any individual who was violating the no-smoking policy, he failed to do so. Further, defendants presented affidavits from all but two of plaintiff's cellmates, in which each stated either that he did not smoke or that he did not smoke in the cell shared with plaintiff. Finally, defendants presented evidence that the Oklahoma DOC facility

in which plaintiff was housed continuously met the American Corrections Standards for proper air circulation and ventilation.

In response, plaintiff did not proffer any materially conflicting evidence. He submitted a memo from prison officials reminding inmates of the prison's prohibitions on smoking, which supports defendants' evidence that they took steps to minimize unauthorized smoking. He also submitted photocopied statements (many of which were form letters) from forty inmates. Most stated that they smoked inside the prison and that prison officials did not reprimand them for doing so, others stated that they were non-smokers and observed prison officials failing to enforce the no-smoking policy. None made any reference to plaintiff, to his cellmate, or to plaintiff's exposure to ETS. These statements, even assuming their admissibility, do not controvert any of the material evidence presented by defendants because they provide no evidence that plaintiff was exposed to unreasonably high levels of ETS.

The evidence, viewed in the light most favorable to the plaintiff, does not support a reasonable inference that plaintiff had been exposed to unreasonably high levels of ETS or that defendants acted with deliberate indifference concerning his exposure to ETS. Thus, the district court correctly granted summary judgment on plaintiff's Eighth Amendment claim.

*Limitation on Discovery*. Plaintiff next contends the district court abused its discretion in limiting his discovery pending resolution of defendants' claim of qualified immunity. The Supreme Court has ruled that where a defense of qualified immunity has been raised, "[u]ntil [the] threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *see also Gross v. Pirtle*, 245 F.3d 1151, 1155 (10th Cir. 2001) (same). When responding to a summary judgment motion based on qualified immunity, the opposing party must file an affidavit with a Rule 56(f) motion that demonstrates "*how* discovery will enable [him] to rebut a defendant's showing of objective reasonableness or . . . demonstrate a connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion." *Lewis v. City of Fort Collins*, 903 F.2d 752, 758 (10th Cir. 1990) (quotation omitted); *see also* Fed. R. Civ. P. 56(f). Plaintiff's Rule 56(f) motion and his related motions never informed the district court with any degree of specificity what additional materials or information he needed to enable him to oppose defendants' motion for summary judgment. *See Ben Ezra, Weinstein & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (holding that, under Rule 56(f), nonmoving party seeking additional discovery must demonstrate precisely how additional discovery will lead to a genuine issue of material fact); *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) (holding that

Rule 56(f) applies to pro se litigants). The district court did permit plaintiff to gather materials necessary to respond to defendants' motions to dismiss and for summary judgment, short of imposing discovery burdens on defendants. We find no abuse of the district court's discretion.

Plaintiff claims no error on appeal with respect to the district court's dismissal of his equal protection or due process claims, nor do we find any such error.

The judgment of the district court is AFFIRMED. Plaintiff is reminded that he is obligated to continue making partial payments toward the balance of his assessed fees and costs until they are paid in full. The mandate shall issue forthwith.

Entered for the Court

Robert H. Henry
Circuit Judge