**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 7, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEPHEN CRAIG BURNETT,

Plaintiff - Appellant,

v.

JOE ALLBAUGH, Director, Oklahoma
Department of Corrections,

Defendant - Appellee.

No. 17-6133
(D.C. No. 5: 16-CV-01140-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.

Stephen Burnett, an Oklahoma prisoner, is a frequent pro se litigator. He has

rarely been successful. Here, he brought a 42 U.S.C. § 1983 complaint against Joe

Allbaugh, in his official capacity as Director of the Oklahoma Department of Corrections

---

[*]     Oral argument would not materially assist the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.
         This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not encouraged, but not prohibited.
Fed. R. App. 32.1. Citation is appropriate as it relates to law of the case, issue preclusion
and claim preclusion. Unpublished decisions may also be cited for their persuasive
value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by
an appropriate parenthetical notation – (unpublished). *Id*.

(ODOC), alleging the ODOC's grievance policy denied him access to the courts and violated his right to due process. He also claimed Okla. Stat. Ann. tit. 57, § 566.3(G) requires any grievance policy to be fair and adequate and provide adequate remedies. According to him, the ODOC deliberately created an overly complex and confusing grievance policy (OP-090124) which allows it to deny grievances based on hyper-technical procedural defects rather than the merits, thereby impeding and preventing him and other prisoners from exhausting their administrative remedies as required by the Prison Litigation Reform Act (PLRA).[1] *See* 42 U.S.C. § 1997e(a); *see also Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (to exhaust administrative remedies, an inmate must properly follow the steps set forth in the prison's grievance procedure). The prison then uses this failure to exhaust as a defense in any subsequent § 1983 lawsuit. He also claimed the prison's grievance process provides no real remedy because prison officials are unable or consistently unwilling to grant any relief to aggrieved inmates.[2] He relied on seven prior lawsuits allegedly dismissed in whole or in part for his failure to exhaust and several recent grievances denied due to his failure to follow the grievance procedure.

The district judge dismissed the complaint for failure to state a claim upon which

---

[1] To the extent Burnett seeks to vindicate the rights of other prisoners, he lacks standing to do so. *Swoboda v. Dubach*, 992 F.2d 286, 289-90 (10th Cir. 1993). We therefore construe his pleadings to allege only a denial of his rights.

[2] Prison officials, on the other hand, may see a highly structured and strictly enforced process as necessary to prevent the system from deteriorating into utter chaos.

relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring a district court to dismiss a plaintiff's complaint filed *in forma pauperis* if it decides the complaint fails to state a claim on which relief may be granted).[3]  She dismissed the access claim because his official capacity suit required him to allege an ongoing violation of federal law; his reliance on past lawsuits is insufficient.  She also decided he had not alleged an actual injury because he could have challenged (and perhaps did challenge) the adequacy of the grievance process in those lawsuits.  She dismissed the due process and § 566.3(G) claims because prisoners have no constitutional right to a state grievance procedure and § 566.3(G) neither created such right nor authorized private rights of action for its violation.

Our review is de novo.  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Id*. (quotation marks omitted).  "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."  *Id*. (quotation marks omitted).  Because

---

[3] The case was referred to a magistrate judge who recommended the complaint be dismissed under § 1915(e)(2)(B) "as frivolous and/or for failure to state a claim upon which relief may be granted."  (R. Vol. 2 at 100.)  In an order, the district judge adopted the recommendation in full.  However, in the judgment, she ordered the action be "DISMISSED for failure to state a claim upon which relief can be granted."  (*Id*. at 125.)  We therefore construe the dismissal as one for failure to state a claim under § 1915(e)(2)(B)(ii).

Burnett is proceeding pro se, we construe his pleadings liberally; we will not, however, serve as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

According to Burnett, the dismissal of his previous lawsuits on exhaustion grounds and the denial of several recent prison grievances for failing to follow the grievance procedure establish actual injury, thereby stating a viable right-of-access claim. Moreover, he says the violation of his federal rights is ongoing because, as a prisoner serving a life sentence, he continues to be subjected to the allegedly illegal grievance process. We see it differently.

Burnett has not been denied access to the courts due to the prison's allegedly defective grievance procedure. Indeed, of the seven prior lawsuits he claims were dismissed in whole or in part for failure to exhaust, only two were actually dismissed on that basis—D. Ct. Case No. 10-CV-257-M (W.D. Okla.) and D. Ct. Case No. 16-CV-609-M (W.D. Okla.). The latter case remains pending on appeal. And, in the former case, we reversed in part the dismissal for failure to exhaust. We concluded a prison official had erroneously rejected his grievance appeals, thereby rendering his administrative remedies "unavailable" and excusing his failure to exhaust. *See Burnett v. Jones*, 437 F. App'x 736, 743-44 (10th Cir. 2011) (unpublished).

Burnett's official capacity suit limits him to prospective relief for an ongoing violation of federal law. *See Edelman v. Jordan*, 415 U.S. 651, 676–77 (1974) (the Eleventh Amendment precludes suits for money damages against state officers in their official capacities); *see also Levy v. Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164,

1169 (10th Cir. 2015) (under the *Ex parte Young* exception to Eleventh Amendment immunity, "a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief"). Burnett does seek prospective relief in the form of a declaratory judgment and injunction. But he has not alleged an ongoing violation of federal law. Referring only to the dismissal of past lawsuits for a failure to exhaust and the denial of prior grievances is not a credible allegation of an ongoing violation of federal law.[4]

Burnett cited two pending cases—D. Ct. Case No. 12-CV-00158 (E.D. Okla.) and D. Ct. Case No. 16-CV-609-M (W.D. Okla.). Case No. 12-CV-00158 (E.D. Okla.) was not initially dismissed for failure to exhaust. However, since Burnett filed his opening brief in this matter, the district court in 12-CV-00158 (E.D. Okla.) granted summary judgment to the defendants on the remaining claims on exhaustion grounds. Burnett has appealed from that decision and the appeal is pending. Similarly, although Case No. 16-CV-609-M (W.D. Okla.) was dismissed in part on exhaustion grounds, it too is currently on appeal. As the judge noted, nothing prevents Burnett from arguing in those appeals that the inadequacy of the grievance procedure rendered any administrative remedy "unavailable." *See Ross v. Blake*, --- U.S. ---, 136 S. Ct. 1850, 1858-60 (2016) ("[a]n

---

[4] Burnett also claims he asserted an ongoing violation because he alleged the grievance policy was "repeatedly" used by prison officials to shield themselves from prisoner lawsuits, rather than for the purpose for which it was intended. (Burnett's Op. Br. at 6.) But past use of the prison grievance policy, even if repeated, does not alone establish an ongoing violation.

inmate . . . must exhaust available remedies, but need not exhaust unavailable ones";

recognizing prison grievance procedure may be "unavailable" when (1) prison officials

are "unable or consistently unwilling to provide any relief to aggrieved inmates," (2) it is

"so opaque that it becomes, practically speaking, incapable of use"; or (3) when prison

officials "thwart inmates from taking advantage of a grievance process through

machination, misrepresentation, or intimidation").[5] If he succeeds, as he sometimes has,

*see Burnett*, 437 F. App'x at 743-44, he will not have suffered any actual injury. *See*

*Lewis v. Casey*, 518 U.S. 343, 350–51 (1996) (an inmate lacks standing to raise a right-

of-access claim unless he is able to demonstrate actual injury). Therefore, any injury

arising from these cases is speculative at best.

That he is serving a life sentence and remains subject to the grievance policy also

does not sufficiently allege an ongoing injury. This argument implies that future non-

frivolous claims or lawsuits will be dismissed for failure to exhaust. *See Penrod v.*

*Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (a denial of access to the court claim

requires a plaintiff to show that the defendant "hindered [his] efforts to pursue a

nonfrivolous claim"). But the mere potential for injury does not satisfy the actual injury

---

[5] Burnett complains *Ross* had not been decided at the time his prior lawsuits were dismissed so he could not have relied on it in seeking to excuse his failure to exhaust. However, as we have explained, only two of the seven prior lawsuits were dismissed for failure to exhaust. In one case, even though *Ross* had yet to be decided, we reversed in part the dismissal for failure to exhaust because we concluded administrative remedies were not "available." *See Burnett*, 437 F. App'x at 743-44. In the second case (D. Ct. Case No. 16-CV-609-M (W.D. Okla.)), Burnett raised *Ross*. The district judge rejected that argument but the case remains pending on appeal.

requirement.  *Cf. Smith v. Colo. Dep't of Corr.*, 23 F.3d 339 (10th Cir. 1994) (that an inmate may potentially be injured by a prison regulation is insufficient to show "concrete, actual or imminent injury" as required for standing).

In summary, if the implementation of a prison's grievance policy makes it impossible for an inmate to exhaust administrative remedies that action may be (and has successfully been) challenged in court on a case-by-case basis.  *Ipso facto*, inmates are not denied access to the courts.  While it may better suit Burnett's sensibilities, the carte blanche invalidation he seeks is both unnecessarily broad and unnecessary in fact. Burnett's due process and Okla. Stat. Ann. tit. 57, § 566.3(G) claims fair no better.   He says he has a federally protected right to a fair and adequate grievance procedure given the PLRA's exhaustion requirement and § 566.3(G).  But "[t]here is no independent constitutional right to state administrative grievance procedures."  *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) (unpublished).
And Oklahoma's voluntary provision of an administrative grievance procedure under § 566.3(G) does not create a liberty interest in that process.  *Id.*  For a state statute to create a "legitimate claim of entitlement" to a benefit and therefore an interest protected by due process, it must, "[s]tated simply," place "substantive limitations on official discretion." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460, 462 (1989).  Section 566.3(G) does no more than give the ODOC the authority to create a grievance procedure; it does not establish an interest protected by due process.  A viable due process claim cannot rest on allegations of an unfair or inadequate grievance process.  *See Von Hallcy v. Clements*,

- 7 -

519 F. App'x 521, 524 (10th Cir. 2013) (unpublished) (rejecting prisoner's claim that prison director violated due process by providing him with an inadequate prisoner grievance reporting system); *Merryfield v. Jordan*, 431 F. App'x 743, 749-50 (10th Cir. 2011) (unpublished) (affirming dismissal of claim that prison grievance policy was constitutionally inadequate because there is no constitutional right to certain grievance procedures); *Ciempa v. Ward*, 150 F. App'x 905, 906-07, 909 (10th Cir. 2005) (unpublished) (finding no error in judge's dismissal of due process claim based on alleged ineffective prison grievance procedure).

Burnett argues that the judge failed to cite any published case arising out of Oklahoma to support her due process decision. According to him, the cases she relied on are distinguishable as they arise from other states having different statutes regarding exhaustion and different grievance policies. But this legal principle applies regardless of the grievance policy's jurisdiction. *See Boyd*, 443 F. App'x at 331-32 (Kansas); *Von Hallcy,* 519 F. App'x at 522 (Colorado); *Ciempa*, 150 F. App'x at 906 (Oklahoma). And *Ciempa* arises out of Oklahoma. While these cases are unpublished, they are nevertheless persuasive. *See* 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").

 *Ross* is not to the contrary. *Ross* did not hold that inmates have a constitutional right to an adequate grievance procedure, only that an inadequate grievance procedure may excuse an inmate's failure to exhaust in a particular case. 136 S. Ct. at 1858-59. In this case, the judge did not dismiss the complaint for failure to exhaust; indeed, dismissal for

failure to exhaust at the pleading stage would have been premature. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.").

We have purposefully taken pains to address all of Burnett's arguments and to point out the fallacy of his factual claims (i.e., that all seven of his prior lawsuits were dismissed in whole or in part for failure to exhaust). However, his appeal essentially comes down to repeating the same arguments he made below, which the judge clearly and meticulously rejected. Because Burnett's arguments "lack[] an arguable basis either in law or in fact," we **DISMISS** this appeal as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (an argument, like a complaint, "is frivolous where it lacks an arguable basis either in law or in fact").

The district judge imposed a strike under 28 U.S.C. § 1915(g) (prohibiting a prisoner from proceeding *in forma pauperis* in a civil action if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim, unless the prisoner is under imminent danger of serious physical injury"). Burnett alleges this was an abuse of discretion. Because we affirm dismissal of his complaint for failure to state a claim, we necessarily affirm the imposition of a strike. We also assess another strike for taking a frivolous appeal. *See Jennings v. Natrona Cty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If

we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes."), *overruled on other grounds by Coleman v. Tollefson*, --- U.S. ---, 135 S. Ct. 1759, 1763 (2015). He has now accumulated at least two strikes.

Inexplicably, the judge granted Burnett's request to proceed without prepayment of fees (*in forma pauperis* or *ifp*) in this appeal. Nevertheless, the relevant statute does not permit litigants to avoid payment of fees; only prepayment of those fees. *See* 28 U.S.C. § 1915(a) (allowing courts to authorize the commencement of a civil or criminal suit or appeal "without *prepayment* of fees or security thereof") (emphasis added). The motion to proceed without prepayment of costs and fees that Burnett filed in this appeal on July 10, 2017, is denied as moot. All filing and docketing fees ($505.00) are due and payable to the Clerk of the District Court.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

- 10 -